

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed August 28, 2020

United States Bankruptcy Judge

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | |
|---|---|
| IN RE:<br><br>MARIA ALICIA KUYKENDALL<br>PO BOX 370<br>ROSCOE, TX 79545<br><br><br>    DEBTOR | CASE NUMBER: 20-10055<br><br>Confirmation Hearing Date: August 26, 2020<br>Confirmation Hearing Time: 11:00 am |

**ORDER CONFIRMING CHAPTER 13 PLAN, VALUING COLLATERAL;
ALLOWING DEBTOR'S ATTORNEY'S FEES; PROVIDING FOR A TRUSTEE'S
RECOMMENDATION CONCERNING CLAIMS AND OTHER RELATED MATTERS
(WITH REVISIONS TO THE PLAN AS SPECIFIED HEREIN)**

It having been determined after at least twenty-eight (28) days notice to all creditors, no hearing having been requested and no objection to Confirmation or Valuation having been timely filed, or if filed, having been overruled, resolved or withdrawn:

   That the Debtor's Chapter 13 Plan ("Plan") complies with all applicable provisions of Title 11 of the United States Code;

   That any fee, charge, or amount required under Chapter 13 of Title 28 of the United States Code or by the Plan to be paid before Confirmation has been paid;

   That the Plan has been proposed in good faith and not by any means forbidden by law;

   That the value, as of the effective date of the Plan, of property to be distributed under the Plan on

account of each unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of Title 11 United States Code on such date;

That the Plan provides that the holders of secured claims who have not accepted the Plan shall retain their liens until the earlier of the payment of the underlying debt determined under non bankruptcy law or discharge under Section 1328; and if this case is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law; and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of secured claims whose holders have not accepted the Plan is not less than the allowed amount of those claims; and as to holders of secured claims who have not accepted the Plan, if property to be distributed pursuant to the Plan is in the form of periodic payments, such payments will be in equal monthly amounts; and if the holder of the claim is secured by personal property, the amount of such payments will not be less than the amount sufficient to provide to the holder of such claim adequate protection during the period of the Plan; or the Debtor will surrender the property securing such claim to such holder;

That the action of the Debtor in filing the petition was in good faith;

That the Debtor has paid all amounts that are required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition, if the Debtor is required by a judicial or administrative order or by statue to pay such Domestic Support Obligation;

That the Debtor has filed all applicable Federal, State, and local tax returns as required by Section 1308 of Title 11 of the United States Code;

That no objection to Confirmation or Valuation has been timely filed, or if so, that the Debtor will pay under the Plan, all Debtor's projected disposable income for the applicable commitment period, to be applied to payments to unsecured creditors under the Plan; and

That Confirmation of the Debtor's Plan and the Valuation set forth therein have been recommended by the Standing Chapter 13 Trustee.

**IT IS THEREFORE ORDERED** that the Debtor's Chapter 13 Plan filed July 29, 2020 is confirmed.

**IT IS FURTHER ORDERED** that the Debtor shall pay the following to the Trustee:

BEGINNING 04/30/2020     $1,605.00 MONTHLY FOR 60 MONTHS
FOR A TOTAL OF $96,300.00 IN 60 MONTHS.

**IT IS FURTHER ORDERED** the value of the Debtor's equity in non-exempt property is $5,115.00.

**IT IS FURTHER ORDERED** unsecured creditors' pool is $0.00.

**IT IS FURTHER ORDERED** that the Debtor shall pay enough funds into the plan to allow payment to the allowed general unsecured creditors in the amount of $5,115.00 (said amount being reduced by the payment of allowed administrative expenses and allowed priority claims) or 100% of all allowed general unsecured claims, whichever is lesser.

CASE NO. 20-10055
DEBTOR: MARIA ALICIA KUYKENDALL                                                                          Page 3 of 5

    **IT IS FURTHER ORDERED** that the Debtor's attorney, DELLA J DURHAM, is allowed a total fee not to exceed $3,700.00, with $3,481.00 to be paid through the Plan by the Trustee, unless a greater amount is approved by separate order of the Court after hearing on fee application.

    **IT IS FURTHER ORDERED** that for purposes of distribution under the plan, Section 506 and Section 1325 (a)(5) of the Bankruptcy Code, the **value** of collateral securing any claim herein, **annual percentage rate** and **treatment** of the claim secured thereby is as set forth in Section I, Paragraphs "D", "E", "F", and "G" of the Debtor's Chapter 13 Plan and Motion for Valuation herein confirmed except as provided below:

| CREDITOR NAME<br>COMMENT | CLAIM / SCHEDULED AMOUNT | COLL. VALUE | ANNUAL PERCENTAGE RATE | TREATMENT (Monthly Payment, Direct, Surrender, Late Filed or ProRata) |
|---|---|---|---|---|
| **PRIORITY** | | | | |
| INTERNAL REVENUE SERVICE | $17,084.15 | $0.00 | 0.00 | Step details below |
|   2017-2019 INCOME TAXES | | | | |
|     Step $288.78 per month starting with the disbursement in 05/2020 | | | | |
| **SECURED** | | | | |
| BANK OF AMERICA NA | $26,842.91 | $27,119.00 | 0.00 | Surrendered |
|   GRAND DESIGN IMAGINE RV | | | | |
| HAYS COUNTY | $16,277.71 | $30,810.03 | 12.00 | $362.09 per month |
|   240 BOLTON DRIVE - AUSTIN TEXAS- 2018-2019; 2020 ESTIMATED PROPERTY TAXES | | | | |
| People Fund | $64,567.00 | $6,000.00 | 0.00 | Surrendered |
|   OFFICE EQUIPMENT | | | | |
| DRIPPING SPRINGS INDEPENDENT SCHOOL DISTRICT | $16,291.13 | $450,000.00 | 12.00 | $326.14 per month |
|   240 BOLTON DR, AUSTIN TX - 2018, 2019, ESTIMATED 2020 PROPERTY TAXES | | | | |
| **SECURED-MORTGAGE ARREARAGE-PRE-PETITION** | | | | |
| PROVIDENT FUNDING ASSOCIATES LP | $1,776.88 | $450,000.00 | 0.00 | $29.62 per month |
|   HOMESTEAD 240 BOLTON DR- PRE PETITION ARREARS THRU 3/2020 | | | | |
| **SECURED-VEHICLE** | | | | |
| ALLY BANK | $7,413.52 | $24,775.00 | 5.25 | $140.76 per month |
|   2014 CHEVROLET SILVERADO PICKUP | | | | |
| CAPITAL ONE AUTO FINANCE | $12,306.64 | $15,130.00 | 4.25 | $228.04 per month |
|   2017 VW PASSAT | | | | |
| **SECURED-CURRENT MORTGAGE** | | | | |
| PROVIDENT FUNDING ASSOCIATES LP | $327,807.49 | $450,000.00 | 0.00 | Paid Direct |
|   HOMESTEAD 240 BOLTON DR | | | | |

    **IT IS FURTHER ORDERED** that Executory Contracts and Unexpired Leases shall be treated as set forth in Section I, Paragraph "K" of the Debtor's Chapter 13 Plan and Motion for Valuation herein confirmed except as provided below:

| § 365 PARTY | ASSUME / REJECT |
|---|---|
| N/A | N/A |

    **IT IS FURTHER ORDERED** that the valuation of collateral subject to a 11 U.S.C. §1325(a)(9) claim or listed as "Direct" is not res judicata, collateral estoppel or law of the case as to any party.

The Debtor is current in pre-petition mortgage payments on his primary residence; therefore, the Debtor is paying the post-petition current mortgage payments direct to the mortgage creditor. **IT IS FURTHER ORDERED** that In the event the Debtor becomes in arrears at least two full post-petition mortgage payment, the Plan shall be modified to cause the post-petition current mortgage payments to be made through the Chapter 13 Trustee rather than direct by the Debtor;

**IT IS FURTHER ORDERED** that if a Claim is not paid during the term (Approximate) shown in Section I, Paragraphs D, E, H and or I of the Plan, the Trustee shall continue to pay the Claim until it is paid in full, as stated in Section II, Paragraph U of the Plan.

**IT IS FURTHER ORDERED** that all claims are allowed as filed except as ordered otherwise.

**IT IS FURTHER ORDERED** that secured creditor's claims related to collateral being surrendered shall be reduced or satisfied by the value of the collateral surrendered as set forth in the Debtor's original or modified plan.

**IT IS FURTHER ORDERED** that the Trustee is authorized to cease any disbursements to a creditor who has been granted relief from the 11 U.S.C. §362 automatic stay.

**IT IS FURTHER ORDERED** that the Trustee is authorized to receive, endorse and apply to any delinquent payments under the Plan, any Income Tax Refund payable to the Debtor during the pendency of this case, and apply any Income Tax Refund in excess of $2,000.00 per year pro rata to the Debtor's allowed general unsecured creditors, per Paragraph 9 of General Order 2017-01. Further, and regardless of any Income Tax Refund amounts due to the Debtor or received by the Trustee, unless otherwise ordered by the Court, the Debtor shall provide a copy of their federal income tax return to the Trustee within 14 days of filing such during the term of the Plan.

**IT IS FURTHER ORDERED** that unless otherwise ordered by the Court, unscheduled and/or undisclosed property as well as after acquired property pursuant to Section 1306(a)(1) shall not re-vest in Debtor upon confirmation pursuant to Section 1327(b).

**IT IS FURTHER ORDERED** that the Debtor shall not dispose of or encumber any non-exempt property prior to discharge without consent of the Trustee or order of the Court after notice to the Trustee and all creditors.

**IT IS FURTHER ORDERED** that upon termination of the Automatic Stay all future disbursements by the Trustee to movant with regard to the collateral securing the indebtedness will cease. Thereafter, for Trustee Disbursements to resume to said creditor associated with said collateral, an order from the Court must be entered to that effect.

**IT IS FURTHER ORDERED** that pursuant to General Order 2017-01, Paragraph 8, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtor's counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and notice of hearing and pre-hearing conference thereon. The TRCC may be deemed in part to be an Objection to Claims. Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC. Unless an Objection is timely filed as to the amount or class of any claim, the claim will be allowed or approved only as described in the TRCC, and such amount or class will be binding on all parties without

CASE NO. 20-10055
DEBTOR: MARIA ALICIA KUYKENDALL                                              Page 5 of 5

further order of the court. All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the Trustee's pre-hearing conference or give the Trustee prior written notice that a hearing is not necessary.

### END OF ORDER ###

/s/ DELLA J DURHAM
DELLA J DURHAM
Attorney for Debtor


/s/ Robert B. Wilson
Robert B. Wilson
Chapter 13 Trustee